**EXHIBIT A**



Edwin Aiwazian (SBN 232943)
**LAWYERS for JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
Tel: (818) 265-1020 / Fax: (818) 265-1021

*Attorneys for* Plaintiff

**FILED**
Superior Court of California
County of Los Angeles

FEB 17 2017

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Judi Lara

CA
A 602Y
91748
DEPT · 308
ATTN I - JONES.

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES

PATRICK SINAY, individually, and on behalf of other members of the general public similarly situated;

Plaintiff,

vs.

ESSENDANT CO., an unknown business entity; UNITED STATIONERS SUPPLY CO., an unknown business entity; and DOES 1 through 100, inclusive,

Defendants.

Case No.:  **BC 651043**

**CLASS ACTION COMPLAINT FOR DAMAGES**

(1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);
(2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums);
(3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums);
(4) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages);
(5) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid);
(6) Violation of California Labor Code § 204 (Wages Not Timely Paid During Employment);
(7) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements);
(8) Violation of California Labor Code § 1174(d) (Failure To Keep Requisite Payroll Records);
(9) Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses);
(10) Violation of California Business & Professions Code §§ 17200, et seq.

**DEMAND FOR JURY TRIAL**

CIT/CASE: BC651043
LEA/DEF#:
RECEIPT #: CCH520872100
DATE PAID: 02/17/17
PAYMENT: 02:58 PM
RECEIVED: $1,435.00      310

CHECK:    $1,435.00
CASH:     $0.00
CHANGE:   $0.00
CARD:     $0.00

COMES NOW, Plaintiff PATRICK SINAY ("Plaintiff"), individually, and on behalf of other members of the general public similarly situated, and alleges as follows:

## JURISDICTION AND VENUE

1.     This class action is brought pursuant to the California Code of Civil Procedure section 382.  The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.  The "amount in controversy" for the named Plaintiff, including but not limited to claims for compensatory damages, restitution, penalties, wages, premium pay, and pro rata share of attorneys' fees, is less than seventy-five thousand dollars ($75,000).

2.     This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts.  The statutes under which this action is brought do not specify any other basis for jurisdiction.

3.     This Court has jurisdiction over Defendants because, upon information and belief, Defendants are citizens of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by California courts consistent with traditional notions of fair play and substantial justice.

4.     Venue is proper in this Court because, upon information and belief, Defendants maintain offices, have agents, employ individuals, and/or transact business in the State of California, County of Los Angeles.  The majority of acts and omissions alleged herein relating to Plaintiff and the other class members took place in the State of California, including the County of Los Angeles.

## PARTIES

5.     Plaintiff PATRICK SINAY is an individual residing in the State of California, County of Los Angeles.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

2

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

6.     Defendant ESSENDANT CO., at all times herein mentioned, was and is, upon information and belief, an employer whose employees are engaged throughout the State of California, including the County of Los Angeles.

7.     Defendant UNITED STATIONERS SUPPLY CO., at all times herein mentioned, was and is, upon information and belief, an employer whose employees are engaged throughout the State of California, including the County of Los Angeles.

8.     At all relevant times, Defendants ESSENDANT CO. and UNITED STATIONERS SUPPLY CO. were the "employer" of Plaintiff within the meaning of all applicable California laws and statutes.

9.     At all times herein relevant, Defendants ESSENDANT CO., UNITED STATIONERS SUPPLY CO. and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and/or assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors, co-conspirators and/or assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and/or consent of each defendant designated as a DOE herein.

10.     The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sues said defendants by such fictitious names. Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff and the other class members as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

11.     Defendant ESSENDANT CO., UNITED STATIONERS SUPPLY CO. and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

12.    Plaintiff further alleges that Defendants, directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff and the other class members and aggrieved employees so as to make each of said Defendants employers and employers liable under the statutory provisions set forth herein.

## CLASS ACTION ALLEGATIONS

13.    Plaintiff brings this action on his own behalf and on behalf of all other members of the general public similarly situated, and, thus, seeks class certification under California Code of Civil Procedure section 382.

14.    The proposed class is defined as follows:

CLASS.  All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment.

SUBCLASS A.  All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment who earned shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay which was not used to calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime wages.

15.    Plaintiff reserves the right to establish subclasses as appropriate.

16.    The class is ascertainable and there is a well-defined community of interest in the litigation:

a.    Numerosity: The class members are so numerous that joinder of all class members is impracticable.  The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than fifty (50) individuals and the identity

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

4

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    of such membership is readily ascertainable by inspection of

2    Defendants' employment records.

3  b.   Typicality: Plaintiff's claims are typical of all other class members'

4    as demonstrated herein.  Plaintiff will fairly and adequately protect

5    the interests of the other class members with whom he has a well-

6    defined community of interest.

7  c.   Adequacy: Plaintiff will fairly and adequately protect the interests

8    of each class member, with whom he has a well-defined

9    community of interest and typicality of claims, as demonstrated

10    herein.  Plaintiff has no interest that is antagonistic to the other

11    class members.  Plaintiff's attorneys, the proposed class counsel,

12    are versed in the rules governing class action discovery,

13    certification, and settlement.  Plaintiff has incurred, and during the

14    pendency of this action will continue to incur, costs and attorneys'

15    fees, that have been, are, and will be necessarily expended for the

16    prosecution of this action for the substantial benefit of each class

17    member.

18  d.   Superiority: A class action is superior to other available methods

19    for the fair and efficient adjudication of this litigation because

20    individual joinder of all class members is impractical.

21  e.   Public Policy Considerations: Certification of this lawsuit as a class

22    action will advance public policy objectives.  Employers of this

23    great state violate employment and labor laws every day.  Current

24    employees are often afraid to assert their rights out of fear of direct

25    or indirect retaliation.  However, class actions provide the class

26    members who are not named in the complaint anonymity that

27    allows for the vindication of their rights.

28  ///

5

17.     There are common questions of law and fact as to the class members that predominate over questions affecting only individual members.  The following common questions of law or fact, among others, exist as to the members of the class:

a.     Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

b.     Whether Defendants' had a corporate policy and practice of failing to pay their hourly-paid or non-exempt employees within the State of California for all hours worked, missed (short, late, interrupted, and/or missed altogether) meal periods and rest breaks in violation of California law;

c.     Whether Defendants required Plaintiff and the other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other class members;

d.     Whether Defendants failed to use the shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay to calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime wages where Plaintiff and the other class members earned shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay and overtime wages in the same workweek;

e.     Whether Defendants deprived Plaintiff and the other class members of meal and/or rest periods or required Plaintiff and the other class members to work during meal and/or rest periods without compensation;

///

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

f.    Whether Defendants failed to pay minimum wages to Plaintiff and the other class members for all hours worked;

g.    Whether Defendants failed to pay all wages due to Plaintiff and the other class members within the required time upon their discharge or resignation;

h.    Whether Defendants failed to timely pay all wages due to Plaintiff and the other class members during their employment;

i.    Whether Defendants complied with wage reporting as required by the California Labor Code; including, *inter alia*, section 226;

j.    Whether Defendants kept complete and accurate payroll records as required by the California Labor Code, including, *inter alia*, section 1174(d);

k.    Whether Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs;

l.    Whether Defendants' conduct was willful or reckless;

m.    Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, et seq.;

n.    The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

o.    Whether Plaintiff and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

## GENERAL ALLEGATIONS

18.    At all relevant times set forth herein, Defendants employed Plaintiff and other persons as hourly-paid or non-exempt employees within the State of California, including the County of Los Angeles.

///

19.    During the relevant time period, Defendants, jointly and severally, employed Plaintiff as an hourly-paid, non-exempt employee, from approximately August 2014 to approximately May 2015, in the State of California, County of Los Angeles.

20.    Defendants hired Plaintiff and the other class members and classified them as hourly-paid or non-exempt employees, and failed to compensate them for all hours worked, missed meal periods and/or rest breaks.

21.    Defendants had the authority to hire and terminate Plaintiff and the other class members; to set work rules and conditions governing Plaintiff's and the other class members' employment; and to supervise their daily employment activities.

22.    Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other class members' employment for them to be joint employers of Plaintiff and the other class members.

23.    Defendants directly hired and paid wages and benefits to Plaintiff and the other class members.

24.    Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

25.    Plaintiff and the other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

26.    Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a uniform policy/practice of wage abuse against their hourly-paid or non-exempt employees within the State of California.  This uniform policy/practice involved, *inter alia*, failing to pay them for all regular and/or overtime wages earned, missed meal periods and rest breaks in violation of California law.

27.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving wages for overtime compensation.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

8

28.    Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to use the shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay to calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime wages where Plaintiff and the other class members earned shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay and overtime wages in the same workweek.

29.    Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other class members the required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

30.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed.

31.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a rest period was missed, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was missed.

32.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked.

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

33.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and they did not, in fact, receive all such wages owed to them at the time of their discharge or resignation.

34.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them during their employment.  Plaintiff and the other class members did not receive payment of all wages, including overtime and minimum wages and meal and rest period premiums, within any time permissible under California Labor Code section 204.

35.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive complete and accurate wage statements in accordance with California law, but, in fact, they did not receive complete and accurate wage statements from Defendants.  The deficiencies included, *inter alia*, the failure to include the total number of hours worked by Plaintiff and the other class members.

36.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Defendants had to keep complete and accurate payroll records for Plaintiff and the other class members in accordance with California law, but, in fact, did not keep complete and accurate payroll records.

37.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to reimbursement for necessary business-related expenses.

38.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and the other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1    failed to do so, and falsely represented to Plaintiff and the other class members that they

2    were properly denied wages, all in order to increase Defendants' profits.

3         39.    At all material times set forth herein, Defendants failed to pay overtime

4    wages to Plaintiff and the other class members for all hours worked.  Plaintiff and the

5    other class members were required to work more than eight (8) hours per day and/or

6    forty (40) hours per week without overtime compensation.

7         40.    At all material times set forth herein, Defendants failed to use the shift

8    differential pay/commissions/non-discretionary bonuses/non-discretionary performance

9    pay to calculate the regular rate of pay used to calculate the overtime rate for the

10   payment of overtime wages where Plaintiff and the other class members earned shift

11   differential pay/commissions/non-discretionary bonuses/non-discretionary performance

12   pay and overtime wages in the same workweek.

13        41.    At all material times set forth herein, Defendants failed to provide the

14   requisite uninterrupted meal and rest periods to Plaintiff and the other class members.

15        42.    At all material times set forth herein, Defendants failed to pay Plaintiff

16   and the other class members at least minimum wages for all hours worked.

17        43.    At all material times set forth herein, Defendants failed to pay Plaintiff

18   and the other class members all wages owed to them upon discharge or resignation.

19        44.    At all material times set forth herein, Defendants failed to pay Plaintiff

20   and the other class members all wages within any time permissible under California

21   law, including, *inter alia*, California Labor Code section 204.

22        45.    At all material times set forth herein, Defendants failed to provide

23   complete or accurate wage statements to Plaintiff and the other class members.

24        46.    At all material times set forth herein, Defendants failed to keep complete

25   or accurate payroll records for Plaintiff and the other class members.

26        47.    At all material times set forth herein, Defendants failed to reimburse

27   Plaintiff and the other class members for necessary business-related expenses and costs.

28        48.    At all material times set forth herein, Defendants failed to properly

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

11

1  compensate Plaintiff and the other class members pursuant to California law in order to

2  increase Defendants' profits.

3    49.    California Labor Code section 218 states that nothing in Article 1 of the

4  Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages

5  or penalty due to him [or her] under this article."

6                          **FIRST CAUSE OF ACTION**

7                **(Violation of California Labor Code §§ 510 and 1198)**

8          **(Against ESSENDANT CO., UNITED STATIONERS SUPPLY CO.,**

9                            **and DOES 1 through 100)**

10    50.    Plaintiff incorporates by reference the allegations contained in Paragraphs

11  1 through 49, and each and every part thereof with the same force and effect as though

12  fully set forth herein.

13    51.    California Labor Code section 1198 and the applicable Industrial Welfare

14  Commission ("IWC") Wage Order provide that it is unlawful to employ persons

15  without compensating them at a rate of pay either time-and-one-half or two-times that

16  person's regular rate of pay, depending on the number of hours worked by the person

17  on a daily or weekly basis.

18    52.    Specifically, the applicable IWC Wage Order provides that Defendants

19  are and were required to pay Plaintiff and the other class members employed by

20  Defendants, and working more than eight (8) hours in a day or more than forty (40)

21  hours in a workweek, at the rate of time-and-one-half the regular rate of pay for all

22  hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a

23  workweek.

24    53.    The applicable IWC Wage Order further provides that Defendants are and

25  were required to pay Plaintiff and the other class members overtime compensation at a

26  rate of two times their regular rate of pay for all hours worked in excess of twelve (12)

27  hours in a day.

28  ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

54.     California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

55.     During the relevant time period, Plaintiff and the other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.

56.     During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other class members.

57.     Defendants' failure to pay Plaintiff and the other class members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

58.     Pursuant to California Labor Code section 1194, Plaintiff and the other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

### (Violation of California Labor Code §§ 226.7 and 512(a))

### (Against ESSENDANT CO., UNITED STATIONERS SUPPLY CO., and DOES 1 through 100)

59.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 58, and each and every part thereof with the same force and effect as though fully set forth herein.

60.     At all relevant times, the IWC Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's and the other class members' employment by Defendants.

///

13

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

61.    At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

62.    At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

63.    At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

64.    During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

65.    During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

66.    During the relevant time period, Defendants intentionally and willfully required Plaintiff and the other class members to work during meal periods and failed to compensate Plaintiff and the other class members the full meal period premium for

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  work performed during meal periods.

2      67.    During the relevant time period, Defendants failed to pay Plaintiff and the

3  other class members the full meal period premium due pursuant to California Labor

4  Code section 226.7.

5      68.    Defendants' conduct violates applicable IWC Wage Order and California

6  Labor Code sections 226.7 and 512(a).

7      69.    Pursuant to applicable IWC Wage Order and California Labor Code

8  section 226.7(b), Plaintiff and the other class members are entitled to recover from

9  Defendants one additional hour of pay at the employee's regular rate of compensation

10  for each work day that the meal or rest period is not provided.

## THIRD CAUSE OF ACTION

### (Violation of California Labor Code § 226.7)

### (Against ESSENDANT CO., UNITED STATIONERS SUPPLY CO.,

### and DOES 1 through 100)

15      70.    Plaintiff incorporates by reference the allegations contained in paragraphs

16  1 through 69, and each and every part thereof with the same force and effect as though

17  fully set forth herein.

18      71.    At all times herein set forth, the applicable IWC Wage Order and

19  California Labor Code section 226.7 were applicable to Plaintiff's and the other class

20  members' employment by Defendants.

21      72.    At all relevant times, California Labor Code section 226.7 provides that

22  no employer shall require an employee to work during any rest period mandated by an

23  applicable order of the California IWC.

24      73.    At all relevant times, the applicable IWC Wage Order provides that

25  "[e]very employer shall authorize and permit all employees to take rest periods, which

26  insofar as practicable shall be in the middle of each work period" and that the "rest

27  period time shall be based on the total hours worked daily at the rate of ten (10) minutes

28  net rest time per four (4) hours or major fraction thereof" unless the total daily work

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1 | time is less than three and one-half (3 ½) hours.

2 |     74.    During the relevant time period, Defendants required Plaintiff and other

3 | class members to work four (4) or more hours without authorizing or permitting a ten

4 | (10) minute rest period per each four (4) hour period worked.

5 |     75.    During the relevant time period, Defendants willfully required Plaintiff

6 | and the other class members to work during rest periods and failed to pay Plaintiff and

7 | the other class members the full rest period premium for work performed during rest

8 | periods.

9 |     76.    During the relevant time period, Defendants failed to pay Plaintiff and the

10 | other class members the full rest period premium due pursuant to California Labor

11 | Code section 226.7

12 |     77.    Defendants' conduct violates applicable IWC Wage Orders and California

13 | Labor Code section 226.7.

14 |     78.    Pursuant to the applicable IWC Wage Orders and California Labor Code

15 | section 226.7(b), Plaintiff and the other class members are entitled to recover from

16 | Defendants one additional hour of pay at the employees' regular hourly rate of

17 | compensation for each work day that the rest period was not provided.

18 | **FOURTH CAUSE OF ACTION**

19 | **(Violation of California Labor Code §§ 1194, 1197, and 1197.1)**

20 | **(Against ESSENDANT CO., UNITED STATIONERS SUPPLY CO.,**

21 | **and DOES 1 through 100)**

22 |     79.    Plaintiff incorporates by reference the allegations contained in paragraphs

23 | 1 through 78, and each and every part thereof with the same force and effect as though

24 | fully set forth herein.

25 |     80.    At all relevant times, California Labor Code sections 1194, 1197, and

26 | 1197.1 provide that the minimum wage to be paid to employees, and the payment of a

27 | lesser wage than the minimum so fixed is unlawful.

28 | ///

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

81.    During the relevant time period, Defendants failed to pay minimum wage to Plaintiff and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1.

82.    Defendants' failure to pay Plaintiff and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1. Pursuant to those sections Plaintiff and the other class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

83.    Pursuant to California Labor Code section 1197.1, Plaintiff and the other class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

84.    Pursuant to California Labor Code section 1194.2, Plaintiff and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## FIFTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 201 and 202)

### (Against ESSENDANT CO., UNITED STATIONERS SUPPLY CO., and DOES 1 through 100)

85.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 84, and each and every part thereof with the same force and effect as though fully set forth herein.

86.    At all relevant times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72)

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1   hours' notice of his or her intention to quit, in which case the employee is entitled to his

2   or her wages at the time of quitting.

3        87.     During the relevant time period, Defendants intentionally and willfully

4   failed to pay Plaintiff and the other class members who are no longer employed by

5   Defendants their wages, earned and unpaid, within seventy-two (72) hours of their

6   leaving Defendants' employ.

7        88.     Defendants' failure to pay Plaintiff and the other class members who are

8   no longer employed by Defendants' their wages, earned and unpaid, within seventy-two

9   (72) hours of their leaving Defendants' employ, is in violation of California Labor Code

10   sections 201 and 202.

11        89.     California Labor Code section 203 provides that if an employer willfully

12   fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the

13   employee shall continue as a penalty from the due date thereof at the same rate until

14   paid or until an action is commenced; but the wages shall not continue for more than

15   thirty (30) days.

16        90.     Plaintiff and the other class members are entitled to recover from

17   Defendants the statutory penalty wages for each day they were not paid, up to a thirty

18   (30) day maximum pursuant to California Labor Code section 203.

19   <center>**SIXTH CAUSE OF ACTION**</center>

20   <center>**(Violation of California Labor Code § 204)**</center>

21   <center>**(Against ESSENDANT CO., UNITED STATIONERS SUPPLY CO.,**</center>

22   <center>**and DOES 1 through 100)**</center>

23        91.     Plaintiff incorporates by reference the allegations contained in paragraphs

24   1 through 90, and each and every part thereof with the same force and effect as though

25   fully set forth herein.

26        92.     At all times herein set forth, California Labor Code section 204 provides

27   that all wages earned by any person in any employment between the 1st and 15th days,

28   inclusive, of any calendar month, other than those wages due upon termination of an

**LAWYERS for JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  employee, are due and payable between the 16th and the 26th day of the month during
2  which the labor was performed.

3       93.    At all times herein set forth, California Labor Code section 204 provides
4  that all wages earned by any person in any employment between the 16th and the last
5  day, inclusive, of any calendar month, other than those wages due upon termination of
6  an employee, are due and payable between the 1st and the 10th day of the following
7  month.

8       94.    At all times herein set forth, California Labor Code section 204 provides
9  that all wages earned for labor in excess of the normal work period shall be paid no
10  later than the payday for the next regular payroll period.

11       95.    During the relevant time period, Defendants intentionally and willfully
12  failed to pay Plaintiff and the other class members all wages due to them, within any
13  time period permissible under California Labor Code section 204.

14       96.    Plaintiff and the other class members are entitled to recover all remedies
15  available for violations of California Labor Code section 204.

16                    **SEVENTH CAUSE OF ACTION**

17                **(Violation of California Labor Code § 226(a))**

18         **(Against ESSENDANT CO., UNITED STATIONERS SUPPLY CO.,**

19                  **and DOES 1 through 100)**

20       97.    Plaintiff incorporates by reference the allegations contained in paragraphs
21  1 through 96, and each and every part thereof with the same force and effect as though
22  fully set forth herein.

23       98.    At all material times set forth herein, California Labor Code section
24  226(a) provides that every employer shall furnish each of his or her employees an
25  accurate itemized statement in writing showing (1) gross wages earned, (2) total hours
26  worked by the employee, (3) the number of piece-rate units earned and any applicable
27  piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that
28  all deductions made on written orders of the employee may be aggregated and shown as

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1   one item, (5) net wages earned, (6) the inclusive dates of the period for which the

2   employee is paid, (7) the name of the employee and his or her social security number,

3   (8) the name and address of the legal entity that is the employer, and (9) all applicable

4   hourly rates in effect during the pay period and the corresponding number of hours

5   worked at each hourly rate by the employee.  The deductions made from payments of

6   wages shall be recorded in ink or other indelible form, properly dated, showing the

7   month, day, and year, and a copy of the statement or a record of the deductions shall be

8   kept on file by the employer for at least three years at the place of employment or at a

9   central location within the State of California.

10      99.    Defendants have intentionally and willfully failed to provide Plaintiff and

11   the other class members with complete and accurate wage statements.  The deficiencies

12   include, but are not limited to: the failure to include the total number of hours worked

13   by Plaintiff and the other class members.

14      100.   As a result of Defendants' violation of California Labor Code section

15   226(a), Plaintiff and the other class members have suffered injury and damage to their

16   statutorily-protected rights.

17      101.   More specifically, Plaintiff and the other class members have been injured

18   by Defendants' intentional and willful violation of California Labor Code section

19   226(a) because they were denied both their legal right to receive, and their protected

20   interest in receiving, accurate and itemized wage statements pursuant to California

21   Labor Code section 226(a).

22      102.   Plaintiff and the other class members are entitled to recover from

23   Defendants the greater of their actual damages caused by Defendants' failure to comply

24   with California Labor Code section 226(a), or an aggregate penalty not exceeding four

25   thousand dollars per employee.

26      103.   Plaintiff and the other class members are also entitled to injunctive relief

27   to ensure compliance with this section, pursuant to California Labor Code section

28   226(g).

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

# EIGHTH CAUSE OF ACTION

## (Violation of California Labor Code § 1174(d))

## (Against ESSENDANT CO., UNITED STATIONERS SUPPLY CO.,

## and DOES 1 through 100)

104.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 103, and each and every part thereof with the same force and effect as though fully set forth herein.

105.    Pursuant to California Labor Code section 1174(d), an employer shall keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments.  These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

106.    Defendants have intentionally and willfully failed to keep accurate and complete payroll records showing the hours worked daily and the wages paid, to Plaintiff and the other class members.

107.    As a result of Defendants' violation of California Labor Code section 1174(d), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights.

108.    More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 1174(d) because they were denied both their legal right and protected interest, in having available, accurate and complete payroll records pursuant to California Labor Code section 1174(d).

///

///

///

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## NINTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 2800 and 2802)

### (Against ESSENDANT CO., UNITED STATIONERS SUPPLY CO., and DOES 1 through 100)

109. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 108, and each and every part thereof with the same force and effect as though fully set forth herein.

110. Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

111. Plaintiff and the other class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants.

112. Defendants have intentionally and willfully failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs. Plaintiff and the other class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

## TENTH CAUSE OF ACTION

### (Violation of California Business & Professions Code §§ 17200, et seq.)

### (Against ESSENDANT CO., UNITED STATIONERS SUPPLY CO., and DOES 1 through 100)

113. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 112, and each and every part thereof with the same force and effect as though fully set forth herein.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

114.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, other class members, to the general public, and Defendants' competitors. Accordingly, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

115.    Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

116.    A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law. In this instant case, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198. Additionally, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a). Defendants' policies and practices of failing to pay minimum wages violate California Labor Code sections 1194, 1197, 1197.1. Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiff and the other class members violate California Labor Code sections 201, 202 and 204. Defendants also violated California Labor Code sections 226(a), 1174(d), 2800 and 2802.

117.    As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

118.    Plaintiff and the other class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

119.    Pursuant to California Business & Professions Code sections 17200, et seq., Plaintiff and the other class members are entitled to restitution of the wages

1  withheld and retained by Defendants during a period that commences four years prior to

2  the filing of this Complaint; an award of attorneys' fees pursuant to California Code of

3  Civil procedure section 1021.5 and other applicable laws; and an award of costs.

## DEMAND FOR JURY TRIAL

5  Plaintiff, individually, and on behalf of other members of the general public

6  similarly situated, requests a trial by jury.

## PRAYER FOR RELIEF

8  WHEREFORE, Plaintiff, individually and on behalf of all other members of the

9  general public similarly situated, prays for relief and judgment against Defendants,

10  jointly and severally, as follows:

### Class Certification

12  1.    That this action be certified as a class action;

13  2.    That Plaintiff be appointed as the representative of the Class;

14  3.    That counsel for Plaintiff be appointed as Class Counsel; and

15  4.    That Defendants provide to Class Counsel immediately the names and

16  most current/last known contact information (address, e-mail and telephone numbers)

17  of all class members.

### As to the First Cause of Action

19  5.    That the Court declare, adjudge and decree that Defendants violated

20  California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by

21  willfully failing to pay all overtime wages due to Plaintiff and the other class members;

22  6.    For general unpaid wages at overtime wage rates and such general and

23  special damages as may be appropriate;

24  7.    For pre-judgment interest on any unpaid overtime compensation

25  commencing from the date such amounts were due;

26  8.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

27  California Labor Code section 1194;

28  ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

9.    For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

10.    For such other and further relief as the Court may deem just and proper.

**As to the Second Cause of Action**

11.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiff and the other class members;

12.    That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

13.    For all actual, consequential, and incidental losses and damages, according to proof;

14.    For premium wages pursuant to California Labor Code section 226.7(b);

15.    For pre-judgment interest on any unpaid wages from the date such amounts were due;

16.    For reasonable attorneys' fees and costs of suit incurred herein; and

17.    For such other and further relief as the Court may deem just and proper.

**As to the Third Cause of Action**

18.    That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and the other class members;

19.    That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

20.    For all actual, consequential, and incidental losses and damages, according to proof;

21.    For premium wages pursuant to California Labor Code section 226.7(b);

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

22. For pre-judgment interest on any unpaid wages from the date such amounts were due; and

23. For such other and further relief as the Court may deem just and proper.

### As to the Fourth Cause of Action

24. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiff and the other class members;

25. For general unpaid wages and such general and special damages as may be appropriate;

26. For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiff and the other class members in the amount as may be established according to proof at trial;

27. For pre-judgment interest on any unpaid compensation from the date such amounts were due;

28. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

29. For liquidated damages pursuant to California Labor Code section 1194.2; and

30. For such other and further relief as the Court may deem just and proper.

### As to the Fifth Cause of Action

31. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiff and the other class members no longer employed by Defendants;

32. For all actual, consequential, and incidental losses and damages, according to proof;

33. For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiff and the other class members who have left Defendants' employ;

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

26

34. For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

35. For such other and further relief as the Court may deem just and proper.

### As to the Sixth Cause of Action

36. That the Court declare, adjudge and decree that Defendants violated California Labor Code section 204 by willfully failing to pay all compensation owed at the time required by California Labor Code section 204 to Plaintiff and the other class members;

37. For all actual, consequential, and incidental losses and damages, according to proof;

38. For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

39. For such other and further relief as the Court may deem just and proper.

### As to the Seventh Cause of Action

40. That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff and the other class members, and willfully failed to provide accurate itemized wage statements thereto;

41. For actual, consequential and incidental losses and damages, according to proof;

42. For statutory penalties pursuant to California Labor Code section 226(e);

43. For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g); and

44. For such other and further relief as the Court may deem just and proper.

### As to the Eighth Cause of Action

45. That the Court declare, adjudge and decree that Defendants violated California Labor Code section 1174(d) by willfully failing to keep accurate and complete payroll records for Plaintiff and the other class members as required by

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

California Labor Code section 1174(d);

46.     For actual, consequential and incidental losses and damages, according to proof;

47.     For statutory penalties pursuant to California Labor Code section 1174.5; and

48.     For such other and further relief as the Court may deem just and proper.

**As to the Ninth Cause of Action**

49.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and the other class members for all necessary business-related expenses as required by California Labor Code sections 2800 and 2802;

50.     For actual, consequential and incidental losses and damages, according to proof;

51.     For the imposition of civil penalties and/or statutory penalties;

52.     For reasonable attorneys' fees and costs of suit incurred herein; and

53.     For such other and further relief as the Court may deem just and proper.

**As to the Tenth Cause of Action**

54.     That the Court decree, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, et seq. by failing to provide Plaintiff and the other class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiff and the other class members, failing to pay at least minimum wages to Plaintiff and the other class members, failing to pay Plaintiff's and the other class members' wages timely as required by California Labor Code section 201, 202 and 204 and by violating California Labor Code sections 226(a), 1174(d), 2800 and 2802.

55.     For restitution of unpaid wages to Plaintiff and all the other class members and all pre-judgment interest from the day such amounts were due and payable;

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

56.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, et seq.;

57.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

58.     For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, et seq.; and

59.     For such other and further relief as the Court may deem just and proper.

Dated: February 17, 2017

**LAWYERS *for* JUSTICE, PC**

By: _____

Edwin Aiwazian
*Attorneys for* Plaintiff

CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):
Edwin Aiwazian(State Bar No. 232943)
LAWYERS FOR JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

TELEPHONE NO.: (818) 265-1020    FAX NO.: (818) 265-1021
ATTORNEY FOR (Name): Plaintiff Patrick Sinay

FOR COURT USE ONLY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

**FILED**
Superior Court of California
County of Los Angeles

FEB 17 2017

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Judi Lara

CASE NAME:
Sinay vs. Essendant Co., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | BC 651043 |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive

4. Number of causes of action (specify): 10

5. This case [✓] is [ ] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)

Date: February 17, 2017
Edwin Aiwazian
_____
(TYPE OR PRINT NAME)        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

| SHORT TITLE: Sinay vs. Essendant Co., et al. | CASE NUMBER BC651043 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ✓YES    CLASS ACTION? ✓YES   LIMITED CASE?  YES   TIME ESTIMATED FOR TRIAL  10   HOURS/✓DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.3.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office
11. Mandatory Filing Location (Hub Case)

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | **A**<br>Civil Case Cover Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 4.<br>1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4.<br>1., 4.<br>1., 3.<br>1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: Sinay vs. Essendant Co., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | ①, 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

| SHORT TITLE: Sinay vs. Essendant Co., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

| SHORT TITLE: Sinây vs. Essendant Co., et al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.  ☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: 918 South Stimson Avenue |
|---|---|
| CITY: City of Industry | STATE: CA | ZIP CODE: 91745 |

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk _____ courthouse in the Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.3, subd (a).

Dated: February 17, 2017

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/15).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.